Agnes, Peter W., J.
1. The defendant, Raul Lugo, pled guilty on January 7, 2011, to a series of charges including photographing a child in a state of nudity in violation of G.L.c. 272, section 104, posing a child in a state of nudity in violation of G.L.c. 272, section 29A, unlawful possession of child pornography in violation of G.L.c. 272, section 29C, and dissemination of obscene material to a minor in violation of G.L.c. 272, section 28. The defendant was sentenced by the Court (Lemire, J.) to a term of imprisonment in state prison of not less than 2 1/2 nor more than 3 years to state prison followed by 5 years of probation supervision.
2. The defendant has filed a post-conviction motion for the return of seized property including cameras, a digital camcorder, a computer and a electronic device that is a camera hidden in what appears to be an ordinary ballpoint pen. This device contains a media card that is used to store digital images taken with the camera. The defendant does not dispute that this device was used to unlawfully photograph children. The Commonwealth opposes the defendant’s motion insofar as it seeks the return of the so-called pen camera.
3. Under G.L.c. 276, section 3, this Court is authorized to declare forfeit property seized in accordance with a warrant that was not stolen, embezzled or obtained by false pretenses when it is in the public interest to do so. In Beldotti v. Commonwealth, 41 Mass.App.Ct. 185, fur. app. rev. den., 423 Mass. 1109 (1996), the Appeals Court explained that this statute authorizes forfeiture of property owned by the defendant when there is a connection between the property in question and the crime committed by the defendant so long as forfeiture will serve the interests of deterrence and fair punishment. In Beldotti, the property in question consisted of gruesome photographs of the victim of a sexual assault and homicide committed by the defendant as well as implements used by the defendant in the commission of the crime. In the present case, the Commonwealth has not raised an objection to the return of the defendant’s camera and camcorder, but opposes the return of the pen camera. I take judicial notice of the fact that this device is designed so that it can be used to take pictures of people without the subject knowing or consenting to be photographed. Given the manner in which this device was used previously by the defendant, returning it to him would be scandalous and an affront to public sensibilities.
ORDER
For the above reasons, the defendant’s motion for the return of seized property is DENIED as to the so-called pen camera. Otherwise, it is allowed.